IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Scott Allen,<br><br>   Petitioner,<br><br>vs.<br><br>Barbara von Blanckensee, Warden,<br><br>   Respondent. | No. CIV 18-616-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) filed by Petitioner John Scott Allen ("Allen").

On June 26, 2019, Magistrate Judge Leslie Ann Bowman issued a Report and Recommendation (Doc. 13) in which she recommended the Petition be denied on its merits. The magistrate judge advised the parties that any written objections were to be served and filed within 14 days of being served with a copy of the Report and Recommendation. No objections to the Report and Recommendation have been filed.

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

The Court has reviewed and considered the Petition (Doc. 250), the Response (Doc. 12), and the Report and Recommendation (Doc. 13). In his first claim Allen asserts he was not allowed to request witnesses or a staff representative and was not allowed to present certain evidence including video surveillance recording and the other inmate's mental health issues. The magistrate judge determined the record does not support Allen's claim. Further, Allen has not shown he was prejudiced by any due process violation. *Watkins v. Winn*, 2013 WL 6823275, at *8 (D. Ariz. 2013) ("[E]ven if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief."); *Lee v. Kramer*, 2008 WL 4507584, at *4 (E.D. Cal. 2008) ("Petitioner has not shown prejudice resulting from the failure to call his potential witnesses, or the failure to consider his witness list, as he has not shown what the witnesses' testimony would have been or that it would have been sufficient to rebut the eyewitness account of correctional staff."), report and recommendation adopted, 2008 WL 5246383 (E.D. Cal. 2008).

As to Allen's second claim, in which he asserts he was not allowed to present his defense of duress and self-defense, the magistrate judge determined this claim was not supported by the evidence. Rather, Allen was permitted to present his defense and the Disciplinary Hearing Officer did consider it.

After an independent review, the Court finds denial on the merits is appropriate.[1]

---

[1] The Court notes a certificate of appealability is not required in § 2241 cases filed by a person in federal custody. *Close v. Thomas*, 2011 WL 3319547 n. 2 (9th Cir. 2011) (citing *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir.1997)).

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 13) is ADOPTED.

2. The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is DENIED on the merits.

3. The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 22nd day of July, 2019.

_____
Cindy K. Jorgenson
United States District Judge